## Norwich v. Beaver

*William S. Kreisher*, for plaintiff.

*Elwood R. Harding, Jr.*, for defendants and intervenor.

MYERS, *P.J.*, March 24, 1980—Plaintiff filed an action to quiet title with respect to certain real estate located in Locust Township, Columbia County, Pa. The named defendants in this action were Benjamin Beaver and Michael Reese, and their heirs, successors, and assigns.

Columbia Sportsmen Club, Inc. sought to intervene in the action. Their intervention petition was granted by the court in an order dated October 26, 1978. Columbia Sportsmen then undertook their defense by filing a demurrer on November 29, 1978. However, on December 19, 1978, a default judgment was entered against the original defendants, after proper notice and service of the complaint.

Subsequently, in September 1979, Columbia Sportsmen learned of additional information concerning its title to the disputed premises. In particular, it was discovered that one Guy W. Kreisher had formerly owned the premises. Kreisher later transferred title to Columbia Sportmen's predecessors-in-title, Wallace and Florence Rhoades, but the deed between Kreisher and Rhoades was never recorded. As a result of this information, Columbia Sportsmen now claims it has fully ascertained its chain-of-title—which it had heretofore been unable to do.

74

The issue presently before the court is Columbia Sportsmen's motion to strike the judgment which had previously been entered in this case. The issue has been briefed and argued, and is now ready for disposition.

The judgment in question was rendered against "Benjamin Beaver, Michael Reese, their heirs, successors, and assigns." At the time that the judgment was entered, Columbia Sportsmen was not claiming title by, or through, Beaver or Reese. Now, however, with the newly discovered title information, Columbia Sportsmen finds itself in a position to claim title as successors-in-title to Beaver and Reese.

Plaintiff asserts that Columbia Sportsmen is precluded from raising this claim by virtue of the previously entered judgment. In our view, however, their judgment cannot be deemed applicable to Columbia Sportsmen.

Prior to the entry of judgment, Columbia Sportsmen had filed an appearance and a demurrer, and had been afforded the status of an intervenor. Under Pa.R.C.P. 1066(a), judgment could have been entered against Columbia Sportsmen only if it had failed to file a responsive pleading. Since such a pleading was filed, however, no judgment could be entered against Columbia Sportsmen until "after a hearing or trial on the pleadings or merits." Rule 1066(a).

Plaintiff is, in effect, seeking to impose upon Columbia Sportsmen the responsibility for pursuing its claim not only as an intervenor, but also as one of the "heirs, successors, and assigns" of Beaver and Reese. We find no logical reason to enforce such a double burden upon Columbia Sportsmen.

As an intervenor, Columbia Sportsmen is afforded the same rights and liabilities as the original parties to the action: Pa.R.C.P. 2330(a). As a separate party, Columbia Sportsmen is not required to assume the defense of Beaver and Reese, and the judgment heretofore entered in this matter should not be held applicable to Columbia Sportsmen.

## ORDER

And now, March 24, 1980, the motion of Columbia Sportsmen Club, Inc. to strike the judgment entered in the above matter is hereby granted, as to Columbia Sportsmen Club, Inc.